**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| WILLIE SAM BIVINS, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | |
| Dr. DEREISBAIL, : | |
| Sheriff SPROUL, : | |
| Col. OSTRANDER, : | |
| Major HAGGERTY, : | |
| Lt. PARKS, : | |
| Nurse LYNN CRENSHAW, and : | |
| Lt. LONTARGARD, : | |
| : | NO. 1:12-CV-138 (WLS) |
| : | |
| Defendants. : | ORDER AND RECOMMENDATION |

Plaintiff **WILLIE SAM BIVINS**, a pretrial detainee at the Dougherty County Jail in Albany, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of the Dougherty County Jail.

## *I. VARIOUS MOTIONS*

Since filing his 42 U.S.C. § 1983 action, Plaintiff has filed three motions to amend his complaint. The first motion to amend was filed September 12, 2012. (Doc. 4). In this motion, Plaintiff states that, although he has not yet been convicted of a crime, Sheriff Sproul, Jail Director Ostrander, Major Haggerty, and others who are not named as Defendants in this action, are punishing him. Plaintiff alleges that they are punishing him by forcing him to remain confined in a small cell except for one hour, every other day. Plaintiff claims that the inability to exercise has made his medical problems worse and that he is experiencing increased muscle spasms, pain, and numbness in his leg as a result.

According to Fed. R. Civ. P. 15 (a)(1), "[a] party may amend [his] pleadings **once** as a matter of course" within a specified time. *Id*. (emphasis added). Therefore, the Court **GRANTS** Plaintiff's first motion to amend (Doc. 4) and the allegations contained in the motion are discussed below.

Plaintiff's second motion to amend was filed on September 18, 2012. (Doc. 7). In this motion, Plaintiff explains that x-rays taken at the Dougherty County Jail show that his hip was injured again in a July 6, 2012 assault. Plaintiff states that Dr. Dereisbail notified him of this on September 13, 2012. According to Plaintiff, Dr. Dereisbail told him that he would not force the tax payers to pay for Plaintiff's hip surgery. Instead, Plaintiff would have to wait until he was released from jail to get the necessary operation. This motion to amend simply elaborates on the allegations contained in Plaintiff's original complaint. Because the Court "should freely give leave [to amend] when justice so requires," the Court **GRANTS** Plaintiff's second motion to amend (Doc. 7) and these allegations are discussed below. Fed. R. Civ. P. 15 (a)(2).

Plaintiff's third motion to amend was also filed on September 18, 2012. (Doc. 8). The allegation in this motion has absolutely nothing to do with the claims raised in Plaintiff's original complaint. In this motion to amend, Plaintiff complains that his legal mail was opened. A plaintiff may set forth only related claims in a 42 U.S.C. § 1983 action. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). There is no "logical relationship" between the claims asserted in Plaintiff's original complaint and the claim regarding his legal mail.[1] Should Plaintiff wish to pursue a 42 U.S.C. § 1983 action regarding his legal mail, he may do so. However, he cannot join this unrelated claims in the current action. He will need to file a separate 42 U.S.C. § 1983 complaint.

Therefore, Plaintiff's third motion to amend (Doc. 8) is **DENIED**.

In addition to three motions to amend, Plaintiff filed a "Request to Participate in Discovery," (Doc. 3) which was docketed as a motion. A motion to participate in discovery is unnecessary. Plaintiff may participate in discovery in accordance with the instructions shown below in this Order

---

[1] Plaintiff's main complaint is that he is being denied medical care for his hip and/or left leg injuries. In his original complaint, he also included the unrelated claim that he is being denied access to the law library. The Court discusses this claim below and recommends dismissal of the claim. The Eleventh Circuit has recognized that shotgun pleadings, such as this, "wreak havoc on the judicial system." *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001). In other words, complaints and various amendments that seek to join numerous unrelated claims against multiple defendants should not be allowed. If Plaintiff wishes to pursue these unrelated claims, he needs to file separate 42 U.S.C. § 1983 actions to do so.

and Recommendation. Therefore, his "Request to Participate in Discovery" (Doc. 3) is **DENIED** as unnecessary.

## II. *STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings

4

are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

### *III. STATEMENT AND ANALYSIS OF CLAIMS*

On an unspecified date, Plaintiff was arrested and charged with criminal trespass. Plaintiff states that he saw a nurse for medical screening shortly after his arrest. He claims that he informed her that he was just released from an orthopaedic clinic. Plaintiff alleges that the nurse reviewed his orthopaedic discharge papers and noticed that the physician ordered him to have physical therapy six days each week.

Plaintiff states that following his arrest, he started to experience unbearable hip pain and leg numbness. He alleges that he went to see Dr. Dereisbail, who agreed that he should have physical therapy. Plaintiff claims he was released from jail on a "medical recodence (sic) bond."

5

Plaintiff states that on July 6, 2012, while he was out on bond, he was assaulted by two or three individuals and sustained severe eye, head, knee, and rib injuries. He also explains that his previously dislocated and crushed pelvis and hip were injured again.

Following the assault, Plaintiff was arrested again and charged with burglary. Plaintiff states that on July 11, 2012, he reported to medical regarding his hip injuries. According to Plaintiff, Dr. Dereisbail criticized him for not taking care of his medical problems while he was out on bond. Plaintiff alleges that he returned to the medical unit on July 18, 2012 and Nurse Brown informed him that Dr. Dereisbail would not see him because he had just seen Plaintiff the previous week. Plaintiff apparently returned to sick call again on August 9, 2012 and complained of unbearable pain in his left hip and numbness in his left leg. Plaintiff states that Dr. Dereisbail said he would not refer him to a orthopaedic surgeon because Plaintiff did not take care of himself when he was previously released from jail.

Plaintiff states that on August 28, 2012, he met with Major Haggerty, Lt. Parks, and Nurse Crenshaw about his hip and leg. Plaintiff alleges that Major Haggerty informed him that he could not receive medical care unless his condition was life threatening. Plaintiff states that he informed these three Defendants that two orthopaedic surgeons previously told him that he must undergo additional surgery or he may be paralyzed on his left side.

Plaintiff explains that x-rays taken at the Dougherty County Jail show that his hip was injured again in the July 6, 2012 assault. Plaintiff states that Dr. Dereisbail notified him of this on September 13, 2012. According to Plaintiff, Dr. Dereisbail informed him that he would not force the tax payers of Dougherty County to pay for Plaintiff's hip surgery. Instead, Plaintiff would have

to wait until he was released from jail to get the necessary operation.

Plaintiff alleges that he is currently experiencing chronic severe pain and discomfort and his left leg sometimes "give[s] out" on him, which causes him to fall. However, he is refused medical care.

Plaintiff also claims that to punish him, Sheriff Sproul, Jail Director Ostrander, Major Haggerty, and others who are not named as Defendants in this action, will allow him to leave his cell only for one hour, every other day. Plaintiff alleges that this has exacerbated his medical problems and that he has increased muscles spasms, pain, and numbness.

Plaintiff has raised sufficient facts so that these claims should proceed beyond the initial screening stage. However, the same is not true for Plaintiff's claims regarding a lack of due process in the grievance procedure at the Dougherty County Jail and denial of access to the law library. First, in relation to the grievance procedure, Plaintiff complains that when Dr. Dereisbail refused to treat him on July 18, 2012, he filed a grievance. According to Plaintiff, he did not receive a response to the grievance. Therefore, on August 8, 2012, he wrote Major Haggerty and complained that he was not receiving due process. Plaintiff alleges that Major Haggerty sent him a second grievance form on August 10, 2012 and he completed the form. Plaintiff complains that Lt. Parks denied the grievance, so he was forced to appeal to Jail Director Ostrander.

The Eleventh Circuit has held that a prisoner (or pretrial detainee) has no constitutional right to participate in prison grievance procedures. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Therefore, a prison official's failure to process, respond to, or investigate a grievance is not actionable under 42 U.S.C. § 1983.

*See Bingham v. Thomas*, 654 F.3d 1171, 1178 (11th Cir. 2012) (explaining that the district court did not abuse "its discretion in dismissing [the prisoner's] claim that the prison's grievance procedures were inadequate").

Consequently, it is **RECOMMENDED** that Plaintiff's complaints regarding the grievance procedure be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

Finally, Plaintiff states that he twice requested books and information from the law library and received no response. Therefore, he wrote Major Haggerty and Sheriff Sproul regarding his lack of access to the law library. Plaintiff explains that he also filed a grievance, which was denied by Lt. Parks. Plaintiff alleges, without much explanation, that Lt. Lontargard is denying him access to the law library.

First, this allegation has absolutely nothing to do with Plaintiff's claims regarding his hip and left leg. Also, there is no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). A prisoner or pretrial detainee alleging a lack of access to the law library must show that he has suffered an actual injury. To show actual injury, Plaintiff would have to demonstrate that the lack of access to the law library has hindered his efforts to pursue a legal claim. However, the actual injury requirement is not satisfied by just any type of frustrated legal claim, but rather, is limited to matters challenging Plaintiff's conviction (either directly or collaterally) or conditions of confinement. *Id.* at 354-55. Plaintiff has not alleged, much

8

less shown, any such injury.

Consequently, it is **RECOMMENDED** that Plaintiff's complaints regarding his lack of access to the law library be **DISMISSED WITHOUT PREJUDICE** from this action. As this is the only allegation against Lt. Lontargard, it is also **RECOMMENDED** that he be **DISMISSED** from the action.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

In conclusion, at this time, Plaintiff's claims that he has been denied medical care for his allegedly serious medical condition and that he is being punished by his conditions of confinement, which also allegedly exacerbate his medical condition, should proceed forward against Defendants Dereisbail, Sproul, Ostrander, Haggerty, Parks, and Crenshaw. It is recommended that all other claims and the other Defendant be dismissed.

It is hereby **ORDERED** that service be made against 6 Defendants and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise

the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once

an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court.  This 90-day period shall run separately as to each Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests

to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby authorized to forward payments from the Prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter

released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 1st day of October, 2012.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

lnb