IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WILLIE SAM BIVINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CASE NO. 1:12-CV-138-WLS-MSH |
| | : | 42 U.S.C. § 1983 |
| DR. DEREBAIL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **REPORT AND RECOMMENDATION**

Presently pending before the Court are the parties' cross-motions for summary judgment (ECF Nos. 74, 105, 106). Additionally, Plaintiff currently has pending multiple motions to amend, motions to compel, and other miscellaneous motions. For the following reasons, it is recommended that Defendants' motions for summary judgment be granted and Plaintiff's complaint be dismissed for failure to exhaust his administrative remedies. It is consequently recommended that Plaintiff's motion for summary judgment be denied. Plaintiff's motions to amend his complaint and motion for appointment of counsel are addressed below. It is further recommended that Plaintiff's other pending motions be denied as moot.

## **BACKGROUND**

Plaintiff is a pre-trial detainee at Dougherty County Jail. He has documented medical problems with his left hip and leg which cause Plaintiff pain. Plaintiff filed his Complaint on September 9, 2012, claiming that the Defendants were deliberately

indifferent to his severe medical needs, that Defendants Sproul, Ostrander, and Haggerty exacerbated his medical problems by keeping him in his cell almost constantly, that he was not provided due process in the grievance procedure at Dougherty County Jail, and that he was denied access to the law library.  After preliminary review, only the claim for deliberate indifference and for cruel and unusual punishment—that he was being punished through his continued solitary confinement, which exacerbated his medical condition—remained.

Plaintiff has filed numerous motions which are currently pending, including four motions to amend, two motions to appoint, ten motions to compel, and a motion for summary judgment.  Defendants have likewise filed motions for summary judgment claiming, *inter alia*, that the Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies.  These motions are now ripe for review.

## DISCUSSION

### I. Motions to Amend

Plaintiff has filed four additional motions to amend his complaint.[1]  (ECF Nos. 10, 42, 64, 145.)  In his first motion to amend, Plaintiff seeks to add additional deliberate indifference claims against Dr. Derebail and Nurse Crenshaw.  Specifically, he contends that these Defendants violated his rights by failing to provide him with eyeglasses.  (Mot. to Am. 3, Sept. 26, 2012, ECF No. 10.)  Second, Plaintiff seeks to amend his complaint to

---

[1] Prior to preliminary review, Plaintiff filed three motions to amend, two of which were granted. (Order & Recommendation 2-3, Oct. 1, 2012, ECF No. 11.)  Although some of the documents filed by Plaintiff are not referred to as motions to amend, the Court has interpreted them as such.

assert that his rights were violated when on December 21, 2012, he cut his ear shaving and failed to receive prompt medical treatment.  (Pl.'s Cross-Answer 2-7, Jan. 2, 2013, ECF No. 42.)   Plaintiff additionally further elaborates on his alleged deliberate indifference claims in his attached memorandum of law to this motion.  (ECF No. 42-1.)  Plaintiff's third pending motion to amend concerns a claim of retaliation by the medical staff at Dougherty County Jail.  Specifically, Plaintiff states that he has been put on suicide watch in retaliation for filing this lawsuit.  (Mot. to Am. 2-5, Feb. 23, 2013, ECF No. 64.)  Plaintiff also argues that he lacks a mattress on which to sleep.  (*Id.* at 6-7.)  Finally, Plaintiff has filed an "Amendment" to his complaint that states that on August 7, 2013, he was "unconstitutionally denied [his] due process rights" in a disciplinary hearing at the jail.  (Am. 2, Aug. 12, 2013, ECF No. 145.)

Although a court should "freely give leave [to amend] when justice so requires," this does not require a court to allow any amendment.  Fed. R. Civ. P. 15(a)(2).  The Court previously explained to Plaintiff that he cannot join unrelated claims in this action.  (Order & Recommendation 3 & n.1, Oct. 1, 2012, ECF No. 11.)  Thus, the Court shall allow Plaintiff's amendments against the present Defendants concerning present claims.  In other words, Plaintiff's motions to amend filed on September 26, 2012 (ECF No. 10) and January 2, 2013 (ECF No. 42) which expound on his deliberate indifference claims are granted.  Plaintiff's other two motions to amend (ECF Nos. 64, 145), which assert new claims unrelated to his original complaint and which events occurred after the filing of his original complaint, are denied.

## II. Motion to Appoint Counsel

Plaintiff has also filed a motion for appointment of counsel and an amended motion for appointment of counsel (ECF Nos. 58, 71). Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. Accordingly, Plaintiff's motions for appointment of counsel (ECF Nos. 58, 71) are denied.

## III. Motions for Summary Judgment

### A. Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

    B.    Failure to Exhaust

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for

5

failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendants move to dismiss for lack of exhaustion claiming that Dougherty County Jail had a grievance procedure in place, but that Plaintiff failed to utilize all steps of this procedure. (Defs. Sproul, Ostrander, Haggerty & Parks' Br. in Supp. of Mot. for Summ. J. 11-2, ECF No. 105-2; Defs. Derebail & Crenshaw's Br. in Supp. of Mot. for Summ. J. 18-20, ECF No. 106-2.)  Plaintiff states in his Complaint that he exhausted all available administrative remedies. (Compl. 4-5, ECF No. 1.)  Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cnty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

Since the Complaint was not dismissed at the first step, the Court can then make factual findings relating to exhaustion. A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry. *Turner*, 541 F.3d at 1082-83. The Defendants here have met that burden.

Defendants have established that Dougherty County Jail uses a two-step procedure for filing grievances. (Montgerard Supp. Aff. Ex. A, May 6, 2013, ECF No. 105-7.) This policy is set out in the Dougherty County Jail Inmate Handbook, which was provided to Plaintiff. (*Id.* Exs. A, B.)  Specifically, in order to exhaust his remedies, an

6

inmate must file a grievance and an appeal. (*Id.* Ex. A.)  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules[.]"  *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted).  Thus, in order for Plaintiff to have exhausted his administrative remedies, he needed to have filed a grievance and appealed that grievance concerning his deliberate indifference and cruel and unusual punishment claims prior to filing this action.  *See, e.g., Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit." (emphasis added)); *see also Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012 (explaining that an amended complaint cannot cure a failure to exhaust).

Plaintiff filed four grievances at Dougherty County Jail prior to the filing of this lawsuit. (Montgerard Supp. Aff. Ex. C.)  In the first, No. 14866, Plaintiff asserted that generally unknown persons were being deliberately indifferent to his medical needs and denying him adequate and proper medical care. (*Id.* Ex. C at 1.)  Plaintiff filed this grievance form on July 19, 2012, and received a response on July 24, 2012. (*Id.* Ex. C at 2.)  Plaintiff did not appeal this grievance. (*Id.*)  Plaintiff filed another grievance, No. 12501, on August 10, 2012, complaining that he was not receiving proper medical treatment for his eye, which he claims has nerve damage. (*Id.* Ex. C at 3.)  The Grievance Officer responded to Plaintiff on August 13, 2012, but again Plaintiff did not appeal. (*Id.* Ex. C at 4.)  On August 20, 2012, Plaintiff filed a grievance, No. 13831,

concerning his lack of access to the law library. (*Id.* Ex. C at 5.) Plaintiff received a response to this grievance on August 20 and appealed that response on August 21. (*Id.* Ex. C at 6.) Plaintiff filed his fourth grievance, No. 12895, on September 4, 2012, claiming that he could not go any longer without receiving his psychiatric medication. (*Id.* Ex. C. at 7.) The Grievance Officer responded on September 5 and Plaintiff appealed on September 8.

      Thus, Plaintiff did exhaust two of the four grievances filed prior to this lawsuit. The exhausted grievances, however, do not concern the claims currently before the Court—that the Defendants were deliberately indifferent in treating Plaintiff's left hip/leg and eyes, and that Defendants subjected Plaintiff to cruel and unusual punishment. In response, Plaintiff has submitted copies of grievances filed and exhausted after this action was filed. On September 17, 2012, Plaintiff filed Grievance No. 12722 complaining of deliberate indifference to his medical needs—i.e., that he was not provided with eyeglasses. (Obj. to Defs.' Mot. for Summ. J. Ex. 187, ECF No. 112-6 at 35-36.) Plaintiff received a response on September 18 and appealed this grievance on September 25, 2012. (*Id.*) Plaintiff complained specifically about his left hip pain and lack of medical treatment therefore on October 18, 2012, Grievance No. 14609. (*Id.* Ex. 187, ECF No. 112-6 at 37-38.) The Grievance Officer responded the following day and Plaintiff appealed on October 23, 2012. (*Id.*) On October 11, 2012, Plaintiff again filed a grievance, No. 11816, complaining that he had not received proper medical treatment for his eyesight. (*Id.* Ex. 187, ECF No. 112-6 at 39-40.) This grievance was fully exhausted by appeal on November 16, 2012. (*Id.*) Plaintiff also exhausted Grievance No. 13357,

which also complained about cruel and unusual punishment.  (*Id.* Ex. 8, ECF No. 112-5 at 22-23.)  This grievance was filed on January 10, 2013, well after the instant action was filed.  (*Id.*)

As explained above, the exhaustion requirement of the PLRA is a "precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).  A court cannot waive this requirement.  *Smith*, 491 F. App'x at 83.  Furthermore, an exhaustion defect cannot be cured through amendment to a complaint.  *Id.*  Plaintiff's administrative remedies must have, therefore, been exhausted *prior* to filing this lawsuit.  *Brown*, 212 F.3d at 1207.

It is clear from the evidence discussed above that Plaintiff did not exhaust his administrative remedies prior to filing this action.  Plaintiff did not follow the grievance procedure and appeal his grievances and thus failed to exhaust his administrative remedies regarding his deliberate indifference and cruel and unusual punishment claims.  Consequently, Defendants' motions seeking dismissal for failure to exhaust should be granted.  Plaintiff's motion for summary judgment should therefore be denied.

### IV.   Miscellaneous Motions

Plaintiff has also filed twenty-eight miscellaneous motions.  (ECF Nos. 16, 17, 21, 23, 24, 29, 32, 33, 34, 43, 53, 54, 55, 57, 62, 67, 77, 89, 99, 108, 109, 110, 111, 114, 116, 125, 141, 146).  Additionally, Defendants have filed two motions to strike (ECF Nos. 95, 96) which are still currently pending.  Because the Court recommends granting Defendants' motions for summary judgment, it is further recommended that Plaintiff's miscellaneous motions and Defendants' motions to strike be denied as moot.

## CONCLUSION

For the reasons explained above, Plaintiff's first two motions to amend (ECF Nos. 10, 42) are granted and Plaintiff's second two motions to amend (ECF Nos. 64, 145) are denied.  Plaintiff's motions for appointment of counsel (ECF Nos. 58, 71) are denied. Furthermore, Defendants' motions for summary judgment (ECF Nos. 105, 106) should be granted for Plaintiff's failure to exhaust his administrative remedies, and Plaintiff's motion for summary judgment (ECF No. 74) should be denied.  Plaintiff's miscellaneous motions (ECF Nos. 16, 17, 21, 23, 24, 29, 32, 33, 34, 43, 53, 54, 55, 57, 62, 67, 77, 89, 99, 108, 109, 110, 111, 114, 116, 125, 141, 146) and Defendants' motions to strike (ECF Nos. 95, 96) should be denied as moot.  WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants' motions for summary judgment (ECF Nos. 105, 106) be GRANTED and Plaintiff's motion for summary judgment (ECF No. 74) be DENIED.  It is further recommended that Plaintiff's miscellaneous motions (ECF Nos. 16, 17, 21, 23, 24, 29, 32, 33, 34, 43, 53, 54, 55, 57, 62, 67, 77, 89, 99, 108, 109, 110, 111, 114, 116, 125, 141, 146) and Defendants' motions to strike (ECF Nos. 95, 96) should be DENIED as moot.  Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 3rd day of September, 2013.

S/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE