**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| WILLIE SAM BIVINS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:12-CV-138 (WLS) |
| : | |
| Dr. DEREISBAIL, Sheriff SPROUL, : | |
| Col. OSTRANDER, Major HAGGERTY, : | |
| Lt. PARKS, Nurse LYNN CRENSHAW, : | |
| and Lt. LONTARGARD, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Stephen Hyles, filed September 3, 2013. (Doc. 149.) It is recommended that Defendants' Motions for Summary Judgment (Docs. 105, 106) be granted and Plaintiff's Complaint (Docs. 1, 4, 7, 10, and 42) dismissed for failure to exhaust administrative remedies. It is also consequently recommended that Plaintiff's Motion for Summary Judgment (Doc. 74) be denied and that Plaintiff's other miscellaneous motions (Docs. 16, 17, 21, 23, 24, 29, 32, 33, 34, 43, 53, 54, 55, 57, 62, 67, 77, 89, 99, 108, 109, 110, 111, 114, 116, 125, 141, 146) and Defendants' two motions to strike (Docs. 95, 96) be denied as moot.

Plaintiff timely filed an Objection to Judge Hyles' Report and Recommendation on September 16, 2013. (Doc. 152.) In his Objection, although Plaintiff provides voluminous documents (over 300 pages) to support his objections, Plaintiff fails to provide any evidence to show that he exhausted administrative remedies with regard to the only claims properly before the Court—that Defendants were deliberately indifferent

1

in treating Plaintiff's left hip/leg and eyes and that Defendants subjected Plaintiff to cruel and unusual punishment through solitary confinement. Judge Hyles made clear that he was recommending dismissal of Plaintiff's Complaint because of Plaintiff's failure to fully avail himself of the two-step grievance procedure used by Dougherty County Jail for the aforementioned claims. (*See generally* Doc. 149 at 6-9.) The documents Plaintiff submitted along with his Objection do not negate this finding.

In an apparent attempt to avoid the consequences of his failure to exhaust, Plaintiff alleges that "Defendants unlawfully w[ith] evil intent pre-meditated . . . disposed, destroyed Plaintiff Grievance Forms during the month of July/2012 and Aug./2012," and this "no doubt hinder [sic] Plaintiff from demonstrating that he has fully exhausted DCJ's admin[istrative] remedies." (Doc. 152 at 5.) This statement is, however, conclusory and wholly without any accompanying evidence, and does not provide a basis for avoiding summary judgment for failure to exhaust administrative remedies.

Plaintiff also contends that he was not of "sane mind at the time . . . of preparing to file his claim in this hon[orable] court." (*Id.* at 10.) To the extent this statement is meant to excuse Plaintiff's failure to exhaust, the Court finds this statement insufficient to avoid summary judgment due to Plaintiff's failure to present any evidence to substantiate this assertion. Moreover, because Plaintiff continued filing grievances for other issues around the time he failed to appeal the denial of Grievance Nos. 14866 and 12501—the grievances that concern the claims currently before the Court—the Court does not find Plaintiff's reference to his alleged mental state to provide grounds for excusing his failure to exhaust.

Finally, Plaintiff also appears to argue that, in concluding that Plaintiff failed to

exhaust administrative remedies, Judge Hyles disregarded the Request Forms and letters that Plaintiff provided in support of his claims. (*Id.* at 7.) The Dougherty County Jail Inmate Handbook outlines the grievance procedure that inmates must follow to pursue any grievances. (Doc. 105-7 at 4-5.) Specifically, the Handbook states that inmates must "complete an inmate Grievance Form." (*Id.* at 4.) Letters do not constitute grievance forms. Inmate request forms are also not grievance forms and are described in a separate section of the Inmate Handbook. (*Id.* at 5.) The Inmate Handbook makes clear that the Inmate Request Form and Inmate Grievance Form are separate and distinct documents, not to be confused. Plaintiff has not alleged that he was confused about the process by which to appeal a grievance, and the record reflects that Plaintiff availed himself to the appeal procedure for other unrelated grievances. Accordingly, Plaintiff has failed to present evidence to demonstrate that he exhausted administrative remedies.

Simply put, because neither the aforementioned allegations nor any of the other allegations that can be loosely gleaned from Plaintiff's lengthy objection provide any basis for refuting Judge Hyles' conclusion that Plaintiff failed to exhaust administrative remedies related to his deliberate indifference (left hip/leg and eye) and cruel and unusual punishment claims, Plaintiff's objection to the dismissal of his Complaint is overruled.

Plaintiff also objects to Judge Hyles' denial of his motions to appoint counsel. In the Report and Recommendation, Judge Hyles correctly noted that there is no automatic right to counsel and that Plaintiff failed to allege exceptional circumstances justifying appointment of counsel under the factors enumerated in *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) ("In determining whether to appoint counsel, the district

3

court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel.") (Doc. 149 at 4.) In his Objection, Plaintiff states that his "handicap[] justif[ies] appointment of counsel," in accordance with the Americans With Disabilities Act ("ADA"). (Doc. 152 at 8.) This Court disagrees. Plaintiff has not brought an ADA claim under the ADA[1], and even if he did, not even an ADA plaintiff has an absolute right to appointed counsel. *See Donahue v. Food Lion Stores, Inc.*, 253 F. Supp. 2d 1319, 1321 (N.D. Ga. 2003) ("An ADA plaintiff has no absolute right to an appointed counsel. Rather, the decision of whether to provide counsel lies solely within the discretion of the court.") Moreover, and most importantly, a review of the record reflects that Plaintiff has vigorously litigated his case since its inception, a fact that seriously belies Plaintiff's claims of being physically or mentally hindered from pursuing his claims. Accordingly, Plaintiff's objection to Judge Hyles' denial of his Motions to Appoint Counsel is overruled.

Finally, the Court will not consider the allegations contained in Plaintiff's Objection relating to being 1) put on suicide watch and denied access to his legal documents, showers, or food, in retaliation for filing this lawsuit and 2) denied a mattress.[2] (Doc. 152 at 2.) Judge Hyles denied Plaintiff's attempts to amend his current complaint to include the "suicide watch" retaliation and "mattress deprivation" claims because they are unrelated to the deliberate indifference and cruel and unusual

---

[1] In his Objection, Plaintiff also alleges discrimination in violation of the ADA. (Doc. 152 at 2.) A plaintiff may not seek to amend a complaint to include a new cause of action via an objection to the Magistrate Judge's Report and Recommendation. As such, the Court will not consider any allegations of discrimination under the ADA.

[2] To be clear, though Plaintiff contends that the lack of mattress exacerbates his left hip/leg problems, the deliberate indifference claim properly before the Court is that Plaintiff has been denied adequate medical care for his left hip/leg. As such, contending that the lack of a mattress exacerbates the medical issues does not make the mattress claim a "related" claim.

punishment claims in this action. (Doc. 149 at 2-3.) This Court concurs in this finding, and likewise rejects Plaintiff's attempt to include a retaliation claim related to the denial of access to his legal documents, showers, and food, because this claim is also not related to the claims in this action.

Therefore, upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 149) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Defendants' Motions for Summary Judgment (Docs. 105, 106) are **GRANTED,** Plaintiff's Motion for Summary Judgment (Doc. 74) is **DENIED** and his Complaint (Docs. 1, 4, 7, 10, and 42) is **DISMISSED** for failure to exhaust administrative remedies. All other pending motions (Docs. 16, 17, 21, 23, 24, 29, 32, 33, 34, 43, 53, 54, 55, 57, 62, 67, 76, 77, 89, 95, 96, 99, 108, 109, 110, 111, 114, 116, 125, 141, 146, and 151[3]) are **DENIED AS MOOT**.

**SO ORDERED**, this   23rd   day of September, 2013.

/s/ W. Louis Sands  
**THE HONORABLE W. LOUIS SANDS,**  
**UNITED STATES DISTRICT COURT**

---

[3] Document 151, styled as a Motion to Compel Defendants to Give Plaintiff's [sic] His Statioery [sic], Legal Documents, E.T.C." was filed after Judge Hyles issued his Report and Recommendation. A review of this Motion reveals that it is part of Plaintiff's complaint that he is being denied access to his legal documents while in segregation. The Court has already concluded that such allegations are not properly before the Court by virtue of their lack of relation to Plaintiff's deliberate indifference and cruel and unusual punishment claims. *See supra* pp. 4-5. Accordingly, the Court denies this motion as moot.